IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE MAYES,

    Plaintiff,

vs.                                         Civ. No. 98-1283 JP/LCS

LOVE'S COUNTRY STORES, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court *sua sponte*. The Plaintiff filed his Complaint for Personal Injuries (complaint) on October 14, 1998. The Plaintiff asserts in his complaint that this Court has diversity jurisdiction over this cause pursuant to 28 U.S.C. §1332. The complaint alleges that the Plaintiff is a resident of New Mexico; Defendant is an Oklahoma corporation doing business in New Mexico; and the amount in controversy exceeds $75,000.00. The Plaintiff's assertion of diversity jurisdiction is defective for several reasons.

A. Discussion

The Federal Rules of Civil Procedure direct that "'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989)(quoting Fed. R. Civ. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Courts must look to the face of the complaint in order to decide whether a party

has adequately alleged facts sufficient to confer federal diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

(1) Citizenship of the Plaintiff

Jurisdiction under §1332 requires diversity of *citizenship*. "[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity." *Whitelock,* 460 F.2d at 514. Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). The Plaintiff's allegation of mere residence in this case fails to satisfy the citizenship requirement necessary to establish diversity.

(2) Citizenship of the Defendant

For purposes of determining citizenship under §1332(a), a corporation is deemed a citizen of the state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). The Plaintiff fails to allege where the Defendant's principal place of business is. Consequently, the Plaintiff does not allege every state in which the Defendant has citizenship. Without having fully established the citizenship of the Defendant, the Plaintiff cannot assert the presence of diversity jurisdiction. *See* Memorandum Opinion and Order at 5-6, *Jones v. Phelps Dodge Corp.*, Civ. No. 95-1458 LH/JHG (March 13, 1997).

(3) Amount in Controversy

In order for diversity jurisdiction to exist, § 1332(a) requires that the amount in controversy exceed $75,000. In *Laughlin v. Kmart Corp.*, 50 F. 3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims .... Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000. Kmart failed, however, to include any of these facts in its notice of removal .... Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F. 3d at 873. Here, similar to the situation in *Laughlin*, Plaintiff's complaint does not establish any underlying facts to support his contention that the amount in controversy actually exceeds $75,000.00. Accordingly, the Plaintiff has failed to establish the amount in controversy required by §1332.

B. Conclusion

The Plaintiff's complaint does not allege the citizenship of the Plaintiff and fails to fully allege the citizenship of the Defendant. The complaint also does not support the alleged amount in controversy. For all these reasons, the Plaintiff has not established that this Court has diversity jurisdiction over his action. However, in the interests of justice, fairness and judicial economy, the Court can provide the Plaintiff with an additional opportunity to cure such pleading defects, if possible. *Penteco Corp. Ltd. Partnership-1985A v.Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Therefore, the Plaintiff will be given the opportunity to file an amended complaint to properly meet the jurisdictional requirements of diverse citizenship and the amount in controversy.

WHEREFORE,

IT IS ORDERED that the Plaintiff has until November 12, 1998 to amend the complaint to properly meet the jurisdictional requirements of 28 U.S.C. §1332. If such amended pleading is not filed by November 12, 1998, the I will recommend to the District Court Judge that this matter be dismissed without prejudice.

_____
Leslie C. Smith
United States Magistrate Judge